NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTA N. MANCINI and DANIEL MCGEEHAN, <br><br> Plaintiff, <br><br> v. <br><br> NEW JERSEY TRANSIT CORP., POLICE OFFICER OSTERHOUDT, NEW JERSEY TRANSIT POLICE DEPARTMENT, et al., <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 12-cv-5753 (DMC) (MF) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion to Dismiss by Defendants New Jersey Transit Corporation and New Jersey Transit Police Department (collectively "Defendants" or "NJ Transit") (ECF No. 4, Oct. 4, 2012). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motion is **granted in part, denied in part.**

I.  **BACKGROUND**[1]

On or about January 9, 2011, Plaintiffs Christa Mancini and Daniel McGeehan ("Plaintiffs") purchased tickets at the Secaucus Junction station in Secaucus, NJ to take the NJ Transit train to Newark Penn Station in Newark, NJ. On their way back from Newark to Secaucus Junction, they again bought tickets, this time at the Newark station to return to Secaucus. When Plaintiffs arrived at Secaucus Junction, they were unable to exit the turnstiles,

---

[1] This section is taken from the parties' pleadings.

as exit gates at Secaucus Junction do not open unless the traveler inserts their ticket into the turnstile. Plaintiffs were told that in order to exit they needed the ticket they had bought at the beginning of the trip or they had to purchase a new ticket. Plaintiffs then exited through a handicap exit instead of either using the tickets they allegedly purchased or purchasing another ticket in order to leave through the exit turnstile. An unknown NJ Transit officer and Defendant Police Officer Ousterhoudt ("Ousterhoudt") then detained Plaintiffs, arrested them and charged them with theft of services.

On July 30, 2012, Plaintiffs filed their complaint in the Superior Court of New Jersey, Law Division, Hudson County, against Defendants and Osterhoudt. On September 14, 2012, Defendants removed the matter to this Court. (ECF No. 1). The Complaint contains six counts. Plaintiffs allege a violation of their civil rights under state and federal law due to Osterhoudt stopping and arresting Plaintiffs after Plaintiffs bypassed the exit turnstile by exiting through a handicapped exit. Plaintiffs also allege that New Jersey Transit improperly trained, monitored, and supervised Osterhoudt, which violated Plaintiffs' state and federal constitutional rights. Lastly, Plaintiffs claim that the Defendants engaged in an unconscionable commercial practice because Plaintiff had to purchase additional train tickets.

## II. STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

### III. **DISCUSSION**

Defendants argue that the complaint must be dismissed in full as neither NJ Transit nor its police department is considered a "person" under Section 1983 or the New Jersey Civil Rights Act and thus cannot be subject to suit under either. The Court agrees. In Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989), the Court held that Section 1983 does not provide an avenue for litigants to seek recourse against a State for deprivations of civil liberties. Additionally, Section 1983 does not allow for liability based on respondeat superior. Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658, 691 (1978). Finally, NJ Transit is not a "person" under Section 1983. To determine whether an entity is a person under Section 1983, a court must consider three elements: (1) whether a judgment against the entity would be paid from the state treasury; (2) the entity's status under state law; and (3) whether the entity exercises autonomy from the state. Callahan v. City of Philadelphia, 207 F. 3d 668, 670 (3d Cir. 2000). In GEOD v. New Jersey Transit Corp., 678 F. Supp. 2d 276 (D.N.J. 2009), this Court

determined that pursuant to the above three factor analysis, NJ Transit is not a "person" under Section 1983 and thus dismissed the Section 1983 claim against it. Here, Plaintiffs claims must also be dismissed. NJ Transit is an instrumentality of the State of New Jersey, and a public entity under the New Jersey Tort Claims Act. N.J. STAT. ANN. § 27:25-4; Muhammad v. New Jersey Transit Corp., 176 N.J. 185, 192 (2003). Additionally, the State provides funds to New Jersey Transit and the Governor exercises veto power over NJ Transit's Board, precluding autonomy from the State. GEOD Corp., 678 F. Supp. 2d at 288.

NJ Transit is similarly not a person under the New Jersey Civil Rights Act ("NJCRA") and is thus not amenable to suit. This Court has interpreted the NJCRA in the same manner as Section 1983, holding the State immune from liability. Chapman v. State of New Jersey, 2000 U.S. Dist. LEXIS 57520, at *7 (D.N.J. Aug. 25, 2009); Slinger v. State of New Jersey, No. 07-5561, 2008 U.S. Dist. LEXIS 71723 (D.N.J. Sept. 4, 2008), *rev'd in part on other grounds*, 366 Fed. Appx. 357 (3d Cir 2010). In fact, the "NJCRA was intended to serve as an analog to [Section 1983]; it was intended to 'incorporate and integrate seamlessly' with existing civil rights jurisprudence." Slinger, 2008 U.S. Dist. LEXIS 71723, at *15. In Slinger this Court analyzed the statutory history together with the plain language of the NJCRA and concluded that "the State, which falls outside the statutory definition of a 'person,' is thus excluded from the ambit of defendants against whom actions may be brought under the NJCRA." Id. at *8. "Interpreting the NJCRA to permit an action against the State and thereby allowing the imposition of an NJCRA penalty would lead to an absurd result." Id. This Court again agrees with this analysis, and finds that Plaintiffs cannot hold NJ Transit or its police department liable under the NJCRA.

Defendants also argue that NJ Transit cannot be held vicariously liable under a civil

4

rights theory for the acts of its employee. Monell, 436 U.S. at 690 ("In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") The Court again agrees with Defendants. The Counts against Defendants claiming wrongdoing based on a theory of respondeat superior must also be dismissed.

Lastly, Defendants argue that NJ Transit is not subject to suit under the New Jersey Consumer Fraud Act ("NJCFA") and thus Plaintiffs' state law claims must be dismissed.[2] The NJCFA prohibits any person from engaging in an unconscionable commercial practice. N.J STAT. ANN. § 56: 8-2. The NJCFA defines the term "person" as follows:

> The term "person" as used in this act shall include any natural person or his legal representative, partnership, corporation, company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestuis que trustent, thereof.

N.J STAT. ANN § 56:8-1(d). In order to bring a successful NJ CFA claim, a plaintiff must demonstrate "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." Bosland v. Warnock Dodge, Inc., 964 A.2d 471, 750 (N.J. 2009).

Defendant cites to one case to support the conclusion that a public entity is not subject to the NJCFA. See Ramapo Brae Condiminium Ass'n v. Bergen County Housing Authority, 746 A.2d 519 (N.J. Super. Ct. App. Div. 2000), *aff'd* 770 A.2d 253 (N.J. 2001). In Ramapo, the NJ Court of Appeals held that a county housing authority, as a public entity, is not subject to liability under the NJCFA. The Court states that while the NJ Supreme Court has held that a public entity can be held liable for punitive damages under the Law Against Discrimination and the Conscientious Employee Protection act,

---

[2] The Court notes that the CFA claim is the only claim addressed in Plaintiff's Opposition Brief. (See ECF No. 9, Jan. 14, 2013.)

> Consumer fraud actions do not require a heightened standard of proof as is necessary to obtain punitive damages under the Law Against Discrimination. Cavuoti v. New Jersey Transit, 735 A.2d 548, 563 (N.J. 1999). The Consumer Fraud Act is to be applied broadly in light of the statute's remedial purpose. Lemelledo v. Beneficial Management Corp. of Am., 696 A.2d 546, 551 (N.J. 1997). An unwitting regulatory violation may be sufficient to trigger strict liability for consumer fraud. Cox v. Sears, Roebuck & Co., 647 A.2d 454, 462 (N.J. 1994). Even actions taken in good faith may subject the actor to liability for consumer fraud. Gennari v. Weichert Co. Realtors, 691 A.2d 350, 365 (N.J.1997).

Ramapo, 746 A.2d at 527. Thus the Court held that it would be "contrary to the expressed policies of the Torts Claim Act if we were to conclude that the Authority could be held responsible under the Consumer Fraud Act." Id. at 527. While this Court does not disagree with the logic of the Ramapo Court, the situation at bar is not so similar to the facts of that case to persuade this Court to adopt the holding for purposes of a motion to dismiss. There is no reported case in this District that addresses this issue, and while the NJ Appellate Court is persuasive, this Court is not prepared to grant a motion to dismiss on the NJ CFA claim based on that case law alone. As the NJ CFA "is to be applied broadly" and the Court finds that Plaintiffs have sufficiently pled factual allegations to satisfy the 3 part test above, it would inappropriate at this stage of litigation to dismiss the NJ CFA claims.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **granted in part, denied in part**. An appropriate order follows this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: June __, 2013
Original: Clerk's Office
cc: Hon. Mark Falk, U.S.M.J.
All Counsel of Record